UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IRENE MONSEGUR,

                              Plaintiff,

            against,

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                            Defendant.

**MEMORANDUM AND ORDER**
23-cv-2312 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

Irene Monsegur ("Plaintiff") appeals an Administrative Law Judge's ("ALJ") final decision dated January 26, 2023 (the "Final Decision"), denying her claim for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act (the "Act").

## BACKGROUND

Plaintiff graduated high school, completed one year of college, and has not worked since 1990. (Administrative Tr. ("Tr.") at 37, 209-10, 227-28.)  According to Plaintiff, she suffers chronic back pain, heart failure, complications from a hernia, and shoulder pain.  (Tr. at 39-53.) Plaintiff has difficulty sleeping, moving, lifting, and using her hands.  (*Id.*)  Plaintiff presented to an emergency room in Florida on May 27, 2020, complaining of dyspnea (shortness of breath) that had progressively worsened since the last November.  (Tr. at 279, 283.)   Plaintiff underwent an echocardiogram that showed, *inter alia*, an ejection fraction of 30 to 35%.  (Tr. at 283-84.) After a cardiology consultation, Plaintiff was diagnosed with likely hypertensive cardiomyopathy and was fitted for a LifeVest defibrillator before her discharge.  (*Id.*)  On September 23, 20202, Plaintiff again presented to an emergency department for evaluation of

chest pain.  (Tr. at 468.)  The attending physician noted that Plaintiff's symptoms were likely

musculoskeletal considering her history of a motor vehicle accident and outdoor recreational

activities.  (Tr. at 470.)  Plaintiff was prescribed medications and advised to attend physical

therapy.  (*Id.*)  In December 2020, Plaintiff underwent another echocardiogram that again

showed ejection fraction, (Tr. at 463), and in May 2021 returned to the clinic for heart failure,

chronic chest pain, attention deficit disorder ("ADD"), and anxiety.[1]  (Tr. at 575.)

On May 20, 2020, Plaintiff filed a Title XVI application for SSI benefits, alleging

disability beginning March 5, 2012 due to:  cardiomyopathy with an ejection fraction of 30

percent; use of a LifeVest defibrillator; and hypertension.  (Tr. at 199, 227.)  Plaintiff initially

applied for SSI benefits in May 2020, (Tr. at 39), which was denied in the first instance and upon

reconsideration.  (Tr. at 80, 91.)  On December 1, 2021, Plaintiff testified at a telephonic hearing

before ALJ David Tobias, who denied Plaintiff's claim in a written decision dated March 14,

2022.  (Tr. at 15-26.)

The ALJ applied the five-step sequential evaluation process for determining whether

Plaintiff was disabled.[2]  (Tr. at 16-17.)  At step one, the ALJ found that Plaintiff has not engaged

in substantial gainful employment since the application date.  (Tr. at 17.)  At step two, the ALJ

---

[1] While the administrative transcript shows that Plaintiff underwent medical consultation on other occasions, the
Court summarizes those most relevant in resolving the instant motions.

[2] The Act provides a five-step sequential evaluation process for determining whether an individual is disabled.  20
CFR 416.920(a).  At step one, the ALJ must determine whether the claimant is engaging in substantial gainful
employment.  20 CFR 416.920(b)).  At step two, the ALJ must determine whether the claimant has a medically
determinable impairment that is "severe" or a combination of impairments that, taken together, are "severe."  20
CFR 416.920(c).  At step three, the ALJ must determine whether the alleged impairment or combination of
impairments is sufficiently severe to meet the criteria listed in 20 CFR Part 404, Subpart P, Appendix 1.  20 CFR
416.920(d), 416.925, and 416.926.  If the criteria are met and satisfies duration requirements, the claimant is deemed
disabled.  *Id.*  If not, the analysis proceeds to the next step.  At step four, the ALJ must determine whether the
claimant is able to work considering her residual functional capacity., age, education, and work experience.  20 CFR
416.920(g).

found that Plaintiff has the following severe impairments:  hypertension, cardiomyopathy, obesity, anxiety, and ADD.  (Tr. at 17-18.)  At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets the criteria of any listed impairment or the severity requirements.  (Tr. at 19-20.)  At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work subject to certain physical limitations.  (Tr. at 20-24.)  Accordingly, the ALJ determined that Plaintiff is not disabled under the Act.  (Tr. at 26.)

### DISCUSSION

Under the Act, a Plaintiff may seek judicial review of the Commissioner's decision to deny her application for benefits.  42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012).  In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence.  42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).  The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence.  *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . .").  Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence, and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

According to Plaintiff, the ALJ erred by (1) making an RFC determination that ignored relevant medical opinion evidence; and (2) failing to properly evaluate Plaintiff's subjective symptom testimony.  (Pl.'s Opening Br. ("Pl.'s Mem.") at 5, ECF No. 12.)  Meanwhile, Defendant argues that the ALJ's decision was supported by substantial evidence.  (Mem. L. Supp. Def.'s Cross-Mot. for Judg. Pleadings ("Def.'s Mem.") at 10-18, ECF No. 13-1.)  The Court agrees with Defendant and finds both of Plaintiff's challenges to lack merit.

### 1.  RFC Determination

An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021). The RFC finding "need only afford an adequate basis for meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous."  *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (internal quotation marks and brackets omitted).  The ALJ bears "the final responsibility" for making RFC determinations.  *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (quoting 20 C.F.R. § 404.1527(d)(2)).  As such, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence."  *Id.*

According to Plaintiff, the ALJ failed to rely on any medical opinion evidence and instead crafted the RFC "out of whole cloth."  (Pl.'s Mem. at 13.)  Although the opinions from the state agency medical consultants were the only opinions of record, the ALJ found them unpersuasive as "not consistent with the evidence of cardiac dysfunction" found in the record. (Tr. at 23.)  Accordingly, Plaintiff argues that the ALJ improperly crafted the RFC without considering any supportive medical opinions.  (Pl.'s Mem. at 13.)  The Court disagrees.  Plaintiff

effectively argues that, absent medical opinions, the ALJ is precluded from making any RFC determination whatsoever.  The Second Circuit expressly rejected that argument in *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (rejecting the "argument that, having declined to afford controlling weight to any of the three physicians' opinions, the ALJ was thereby prohibited from making an RFC finding whatsoever").  There, the court found that the ALJ "is permitted to discount the opinion of a treating physician if it is inconsistent with other substantial evidence," so long as the RFC determination is "supported by substantial evidence."  *Id.*  Here, although the ALJ discounted the state agency medical opinions, he based the RFC determination on treatment notes and Plaintiff's testimony.  (Tr. at 20-24.)  As such, the Court finds that the RFC determination was supported by substantial evidence.  *See also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (affirming RFC finding and rejecting the argument that "because the ALJ rejected Dr. Wolkoff's opinion, there was no competent medical opinion that supported the ALJ's RFC determination").[3]

### 2.  Plaintiff's Subjective Symptom Testimony

Although the ALJ may consider subjective allegations of a claimant's symptoms, alone they do not establish an impairment or disability.  *See* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017) (indicating that "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability").  In addition, the ALJ is not required to accept

---

[3] Notwithstanding the lack of medical opinion evidence, Plaintiff argues that she "clearly demonstrated" her impairments and their effect on her ability to work.  (*See* Pl.'s Mem. at 14-18.)  Although Plaintiff posits different views of the record, the Court finds the view from the ALJ equally reasonable.  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").  As such, because the record provides "more than a mere scintilla" of evidence to support the ALJ's findings, the Court declines to remand on this basis.

subjective allegations without question, and the ALJ may exercise discretion in weighing the credibility of the testimony against the entire record.[4] *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (observing that an ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record").

Here, Plaintiff argues that the ALJ improperly discounted her testimony about her symptoms. (Pl.'s Mem. at 19.)  The Court disagrees.  Despite Plaintiff alleging that the ALJ provided only a "boilerplate statement" assessing her testimony, the ALJ's opinion makes clear why he did not consider her testimony credible.  (Pl.'s Mem. at 19.)  For example, the ALJ notes that while Plaintiff "described daily activities that are fairly limited, the record contains inconsistent information regarding the claimant's capacity for daily activities."  (Tr. at 23.)  In addition, Plaintiff "claims she has difficulty using her hands for most activities, but physical exams simply fail to show abnormal sensation or even decreased strength that would support the claimant's assertions."  (*Id.*)  And "[w]hile the claimant has described daily activities that are fairly limited, the record contains inconsistent information regarding the claimant's capacity for

---

[4] In particular, the regulations provide a two-step process for evaluating a claimant's assertions of pain and other limitations.  At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(b).  That requirement stems from the fact that subjective assertions of pain *alone* cannot ground a finding of disability.  20 C.F.R. § 404.1529(a).  If the claimant does suffer from such an impairment, at the second step, the ALJ must consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" of record.  *Id.*  The ALJ must consider "[s]tatements [the claimant] or others make about [his] impairment(s), [his] restrictions, [his] daily activities, [his] efforts to work, or any other relevant statements [he] make[s] to medical sources during the course of examination or treatment, or to [the agency] during interviews, on applications, in letters, and in testimony in [its] administrative proceedings."  20 C.F.R. § 404.1512(b)(3); *see also* 20 C.F.R. § 404.1529(a); S.S.R. 96–7p; *see also Genier*, 606 F.3d at 49 (summarizing the standard for an ALJ weighing subjective symptom testimony).

daily activities." (*Id.*)  Accordingly, the ALJ adequately weighed the complete record in explaining why he did not consider Plaintiff's subjective testimony persuasive.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (ECF No. 11) for judgment on the pleadings is DENIED, and Defendant's motion (ECF No. 13) for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH_____
          March 29, 2024          LaSHANN DeARCY HALL
                                  United States District Judge